# CASES ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF MISSISSIPPI

AT THE

## MARCH TERM, 1912.

---

### BALLARD McNIECE *v.* STATE.

[58 South. 3.]

PERJURY. *Materiality of testimony.*

> The false swearing of a witness in a case, in order to constitute perjury, must refer to a matter material to an issue then being tried.

APPEAL from the circuit court of Lauderdale county. HON. JNO. L. BUCKLEY, Judge.

Ballard McNiece was convicted of perjury and appeals.

The facts are fully stated in the opinion of the court.

*Cochran & McCants,* for appellant.

False swearing in order to be perjury in law, must be done with reference to some matter material to the determination of the issue involved. *Jennings* v. *State* 7 So. 462.

It was incumbent upon the state to prove that perjury was committed with reference to a material fact, but the state offered no proof on that question. On the contrary, the appellant offered to prove by the mayor that the alleged false swearing was wholly immaterial. *Lonnie Sloan* v. *State*, 71 Miss. 439.

The test as to whether false swearing was a matter material in the inquiry is whether it "tended to forward or retard the issue under investigation." *John White* v. *State*, 1 S. & M. 156.

The state not only failed to prove that the evidence of appellant before the mayor tended to forward or retard the inquiry as to the question of the guilt or innocence of Nancy Tigue, but the testimony of the mayor which was offered by appellant and excluded by the court was that he did not call appellant as a witness in order to get more light on the question of the guilt or innocence of Nancy Tigue, because he had already found her guilty; that he was advised that appellant would swear that he did not purchase any whiskey from Nancy Tigue, and that he called appellant and swore him solely for the jurpose of laying a trap to catch him for perjury, and immediately after he was sworn and examined, he ordered a policeman to take charge of him and lock him up in jail. It is, therefore, manifest that the evidence of appellant before the mayor was wholly immaterial and that he did not commit perjury within the meaning of the law.

In the case of *Beecher* v. *Anderson*, 8 N. W. 539, the court said:

"Perjury is committed 'when a lawful oath is administered in some judicial proceeding to a person who swears wilfully, absolutely and falsely in a matter material to the issue or point in question.' 3 Just. 164; 4 Bl. Com. 137; *People* v. *Fox*, 25 Mich. 492. By this is meant that the oath must be material; the facts sworn to may be material and yet the false swearing be no per-

jury unimportant and immaterial. This point is well illustrated in the case of *People* v. *Fox*, just referred to. Fox was informed against for having made a false affidavit in a suit at law pending in the circuit court for the county of Branch wherein he affirmed that one of the defendants in said suit did not execute the obligation sued upon. The fact sworn to was material, but it did not appear from the information that the affidavit was made to be used in the case, or that it actually was used, or that it performed or was to perform any important office whatever in the case. It did not therefore appear that the oath was of any materiality. *People* v. *Gaige*, 26 Mich. 30, is, if possible, still more directly in the point. It was averred that the facts sworn to were material, but the information did not show that the bill was one of a material character required by law to be under oath, or that it was sworn to in order to be used as the foundation of any motion or other application to the court. So for as appeared, therefore, the oath was a mere idle ceremony, and its being taken in the case was of no importance. And it was held in that case that the defect in the information could not be supplied by proof showing that the bill was in fact sworn to in order that it might be used as the foundation for a motion for an injunction."

We say that the testimony of Mayor Parker was competent and that the court erred in excluding it.

*W. W. Venable*, District Attorney Tenth District, for appellee.

The argument of counsel take this form: Perjury can only be predicated on a wilfully and corruptly false statement about a material matter. That Mayor Parker had already reached a mental conclusion as to the guilt of Nancy Tigue and she had stated that she was guilty, so that anything which McNeise might say could not affect the judgment of the court and hence was immaterial and so, though wilfully and corruptly false, could not furnish a foundation for a prosecution for perjury.

In reply to this contention, we respectfully submit that the test of materiality is not the mental effect which a given testimony might or might not have upon the particular tribunal sitting for the determination of the facts in the case in which the testimony is offered. If this be correct, all that would be necessary in order to escape punishment for wilful and corrupt false swearing in a judicial proceeding, would be for the defendant to prove that his particular false statements had no probative value in the eyes of the trier of the facts. The more patent the falsity of the testimony the less likelihood of guilt, since the jury or court would be less likely to believe it. This, it seems to us, reduces the contention of my learned and able friends, counsel for appellant, to a position which is wholly untenable. If this be the law, as stated by counsel for appellant, then guilt in a jerjury case depends upon mere chance of persuasion. Where there was equal moral turpitude, one would be guilty because he happened to persuade and other would be innocent because, though with an equal malevolence of purpose, their testimony was not believed.

It will be noticed that the mayor was satisfied of her guilt but had not formally announced his judgment of conviction. No judgment had been entered or rendered, sentence had not been passed and the cause was still a pending one in course of trial. It is not contended that the mayor did not have the right to call the witnesses in the case and examine them, as a matter of law, but it is contended that even though they were called pursuant to this right resident in the court, still they were at liberty to lie to their heart's content, and could commit perjury for the reason that the court's mind was settled as to the guilt of the defendant on trial and concluded that if the witness, McNeise, came prepared to purjure himself, he would give him an opportunity so to do and also to reap the fruits of his crime.

We submit that the test of "materiality" in the law of perjury is not the secret motives of courts in calling

witnesses, nor the effect that their testimony may have upon the triers of fact.

We respectfully submit that the test of materiality in the matter of giving testimony is whether it is pertinent in proving or disproving the issue in the case being tried or when it has a legitimate tendency to prove or disprove any material fact in the chain of evidence by which the issue is sought to be proven or disproven. *Jennings* v. *State*, 7 So. 462; *Nelson* v. *State*, 47 Miss. 621.

We refer the court to the 30 Cyc. 1417 and cases there cited.

SMITH, J., delivered the opinion of the court.

On the trial of one Nancy Tigue in the court of the mayor of the city of Meridian for the unlawful sale of intoxicating liquor, appellant, a witness for the prosecution, testified that he had not purchased any such liquor from Nancy. Afterwards he was indicted for perjury, alleged to have been committed in so testifying.

On the trial there was evidence on the part of the state that appellant had purchased whisky from Nancy, and on the part of appellant there was evidence in denial thereof. Appellant offered to prove by the mayor of Meridian, before whom Nancy Tigue was tried, that after two witnesses had testified that they had seen her sell intoxicating liquor to appellant, she withdrew her plea of not guilty and entered a plea of guilty; that after this plea of guilty had been entered, but before sentence had been pronounced, he (the mayor) had appellant called, sworn, and interrogated as a witness, for the purpose of having him prosecuted for perury, should he deny purchasing the liquor. This evidence, on objection by the state, was by the court excluded.

In the absence of an issue of fact between the parties to a cause, there is no occasion for the introduction of testimony, and, if introduced, it could in no way affect

the rights of the parties thereto. Consequently, all evidence, in the absence of such an issue, is irrelevant and immaterial. When Nancy Tigue entered her plea of guilty to the crime for which she was then being tried, there was no longer any issue of fact in the cause, and if appellant was not introduced as a witness until this plea had been entered, his testimony was wholly irrelevant and immaterial; and since the false swearing of a witness in a case, in order to constitute perjury, must refer to a matter material to an issue then being tried, the evidence offered by appellant should not have been excluded.

The judgment of the court below is reversed, and the cause remanded.     *Reversed and remanded.*